# American Steamship Company of Philadelphia versus Landreth.

|102  131|
|139  161|

1. A passenger on a steamship, after a severe storm lasting several days and while the sea was still running high, attempted to walk from her state-room to the opposite side of the cabin, and in so doing was thrown down by a sudden lurch of the vessel and injured; the place where she fell being alongside of a space of smooth paneling twelve feet in length, where there was no guard or railing by which she could save herself. In an action for damages by such passenger, against the company; *Held*, that in view of these facts, the testimony of the plaintiff that she might have saved herself by a railing, and the evidence of others that steamships usually have guard-rails along the sides of their cabins; the question of negligence, on the part of the company, in failing to provide a guard-rail was a proper one to submit to a jury; *Held*, also, that the declarations of the captain of the vessel, made to the plaintiff and to another passenger, soon after the accident, that the place where it occurred was "a very dangerous part of the ship" and that "he would have it remedied immediately," were inadmissible as part of the res gestæ, because they did not relate to anything which occurred at the time of the accident and in connection therewith, but to an alleged defect in the original construction of the vessel.

2. The captain of a steamship, being employed only to navigate the vessel, cannot make any admissions as to the negligence of the steamship company in the construction of the vessel; these would be mere opinions, and outside the scope of his duty.

January 15th 1883.   Before Mercur, C. J., Gordon, Paxson, Trunkey, Sterrett and Green, JJ.   Clark, J., absent.

Error to the Court of Common Pleas No. 4, of *Philadelphia county :* Of July Term 1882, No. 75.

Case, by Eliza G Landreth against the American Steamship Company, to recover damages for personal injuries sustained by her, in consequence of the alleged negligence of the defendant in not providing a guard-rail on a certain part of the cabin of a steamship.

On the trial, before Elcock, J., the following facts appeared :—The plaintiff was a passenger on board the steamship Pennsylvania, a vessel of the company defendant, on a voyage in October, 1877, from Liverpool to Philadelphia. After a severe storm, lasting for several days, the plaintiff attempted to walk from her state-room to that of a lady friend on the opposite side of the vessel. While thus engaged in crossing the vessel, it gave a sudden lurch, the plaintiff was thrown backward, and, in the effort to save herself, fell and fractured one of the bones of one of her wrists. A high sea was running, as natural, following the abating of a storm. The place where the plaintiff fell was alongside of a smooth paneling, twelve feet in length, covering the space between the first

[American Steamship Co. of Philadelphia *v.* Landreth.]

two alcoves of the cabin, near the staircase leading to the deck, where no guard or railing existed, which persons could take hold of or cling to, in case of a lurch of the vessel. The want of this guard or rail, to which plaintiff might have clung, was alleged as negligence or omission of a duty on the part of defendant.

It was also asserted that, by the negligent conduct and improper treatment of the injured wrist by the ship's surgeon, the plaintiff was occasioned great pain and suffering, and had to have extended and difficult treatment for a considerable time after the arrival of the vessel in port.

The following testimony by the plaintiff was admitted under objection : —

Q. Who was the captain of the steamer?

A. Captain Harris.

Q. How soon after the accident did you see him?

A. He came in the moment he heard of it ; he came to my state-room door and expressed the greatest regret about the accident.

Q. What did he say?

A. He asked me where it happened. I told him, and he said that was a very dangerous part of the ship.

Exception. (First assignment of error.)

Testimony from the depositions of one Earle, a passenger, was then offered, as follows :—

Q. Was there any hand-rail there?

A. No, sir ; I spoke to Captain Harris about it, and told him what a dangerous thing it was, and he said he would have it remedied immediately.

Objected to. Objection overruled. Exception. (Second assignment of error.)

The defendant submitted, inter alia, the following points :—

3. That if the jury believe that Dr. Hirons, when appointed surgeon of the Pennsylvania, was an educated physician, having a proper certificate from a medical college of good standing, the defendants are not responsible for any error in his treatment of a passenger on board of the ship. Affirmed.

5. That there is no evidence to support the charge of negligence in this case, and the plaintiff is not entitled to recover. Refused. (Fourth assignment of error.)

In the general charge the court said, inter alia: " The defendants are here common carriers [carriers of passengers; and, as such, of course they are obliged to use in their business the most modern improvements], and to furnish safe and good vessels to the traveling community. When they do that, they do all that the law compels them to do, and the plaintiff in this case, when she seeks to bring this action, brings it on the

ground of the omission of some duty on the part of the steamship company."

The character and scope of the testimony is further set forth in the opinion of the supreme court.

Verdict for the plaintiff in the sum of $1,791.56, and judgment thereon, whereupon the defendant took this writ, assigning for error (1, 2 and 4) the admission of testimony, and the answer to defendant's fifth point as above noted; (3) that portion of the charge to the jury cited in brackets, and (5) the omission of the court to rule that "under the plaintiff's evidence she was guilty of contributory negligence and cannot recover."

*H. G. Ward* and *M. P. Henry*, for plaintiff in error.—The testimony setting forth the declarations of Captain Harris was inadmissible, because—

(*a*) They were not part of the res gestæ : Rockwell *v.* Taylor, 41 Conn. 59; Luby *v.* Hudson Railroad Co., 17 N. Y. 131; Railroad *v.* Books, 57 Pa. St. 339; Shelhamer *v.* Thomas, 7 S. & R. 106; Levering *v.* Rittenhouse, 4 Wharton 130; Jordan *v.* Stewart, 11 Harris 244; Hough *v.* Doyle, 4 Rawle 291; Clark *v.* Baker, 2 Wharton 340; Patton *v.* Minesinger, 1 Casey 393.

(*b*) They were not within the scope of the captain's employment so as to bind his employer: Railroad *v.* Ashcraft, 48 Ala. 15; Randall *v.* Telegraph Co., 54 Wis. 140; Milwau. & Miss. Railroad Co. *v.* Finney, 10 Wis. 388; Betts *v.* Farmer's L. and T. Co., 21 Wis. 80; Richards *v.* Noyes, 44 Wis. 609; Rounsavell *v.* Pease, 45 Wis., 506; Austin *v.* Austin, Id. 523; Lively v. Lasalette, 28 Wis. 38; Hazleton v. Union Bank, 32 Wis. 34; Packet Co. v. Clough, 20 Wall. 540; 2 Wharton on Evidence §§ 1090, 117–46; 2 Thompson on Negligence 848, note 7.

(*c*) They were mere expressions of opinion: Winters *v.* R. Co., 39 Mo. 468; Crane *v.* Northfield, 33 Vt. 124; Teall v. Barton, 40 Barb. 137; Patterson *v.* Colebrook, 29 N. H. 94; Nowell *v.* Wright, 3 Allen 166. If the instruction of the court, cited in the third assignment of error, were law, every ocean steamer would have to be retired when a new one is built. There was no evidence of actual negligence upon appellants' part, but simply an indication of a possible precaution which might have been taken. We were not charged with having a defective rail, but for not having any. Now there is no measure by which such improvements can be judged of by a jury. A mere surmise that there might have been negligence is not enough to be submitted to a jury : Phila. & Reading R. Co. *v.* Yeager, 23 P. F. S. 121; Baker *v.* Fehr, 1 Out. 70; Phila. & Reading R. Co. *v.* Schertle, 1 Out. 450. The appel-

lants were entitled to the binding charge prayed for in the fifth point: G'town Pass. Railroad Co. *v.* Walling, 1 Out. 55 ; Catawissa R. Co. *v.* Armstrong, 2 P. F. S. 282 ; Del. Lack. & West. R. Co. *v.* Napheys, 9 Nor. 135.

*John G. Johnson*, for defendant in error.—The declarations of the captain were admissible. They were made at the very time of the accident, concerning the then condition of the ship, by the person who had sole and exclusive control thereof, and was charged with the duty, and clothed with the power, of doing whatever was necessary to guard the passengers from injury : Harrisburg Bank *v.* Tyler, 3 W. & S. 373; Parker *v.* S. B. Co., 109 Mass. 449. While there may be no agency in an official to make admissions as to past events, as in the case of Packet *v.* Clough, and others cited by plaintiff in error, there is an agency to do whatever is within the line of his duty, and statements made while performing this, are part of the res gestæ : Brewery Co. *v.* Railway Co., L. R. 9 Q. B. 468 ; Morse *v.* R. R. Co., 6 Gray 450 ; Patton *v.* Minesinger, 1 Cas. 393 ; Hanover R. Co. *v.* Coyle, 5 P. F. S. 396. On this principle the cases cited by the plaintiff in error are distinguishable from the present case. The opinion of a captain of a vessel, as to whether a hand-rail is needed at a certain place, is undoubtedly admissible to aid a jury in determining the question, since he knows much better than they do the dangers to be guarded against. The court in that part of the charge complained of in regard to the duty of carriers in using modern improvements in their business, stated the law correctly : Lawson on Carriers 179 ; Wharton on Negligence § 631 ; Ingalls *v.* Bills, 9 Metc. 1 ; Caldwell *v.* New Jersey S. B. Co., 47 N. Y. 282 ; Robinson *v.* N. Y. C. & H. Riv. R. Co., 9 Fred. Rep. 877 ; Stokes *v.* Saltonstall, 13 Pet. 181 ; Penna. Co. *v.* Roy, 102 U. S. 451 ; Frankford Turnpike Co. *v.* R. Co., 4 P. F. S. 345. There was such strong evidence of negligence on the part of the company in failing to supply a hand-rail, and in the grossly improper treatment of Dr. Hirons as to warrant the submission of it to the jury : Longmore *v.* G. W. R. Co., 115 E. C. L. R. 183 ; Dougan *v.* Champlain T. Co., 56 N. Y. 1.

Mr. Justice STERRETT delivered the opinion of the court, October 1st 1883.

Plaintiff below was a cabin passenger on board the company's steamship Pennsylvania on her voyage from Liverpool to Philadelphia, during which the vessel for several days in succession encountered a heavy sea. After the storm had somewhat abated, plaintiff attempted to cross the saloon for the purpose of entering the state-room of a fellow-passenger. While she was in the act of doing so, the ship gave

a sudden lurch by which she was thrown backwards on the floor, and in the effort to save herself, the bones of her wrist were fractured. She fell alongside a smooth paneling, twelve feet long, covering the space between the first two alcoves of the cabin, and near the staircase leading to the deck. At that point there was no guard or railing by which passengers might support themselves in case of sudden motion of the vessel. The omission of the company to provide such guard or rail to which plaintiff might have clung, and thus avoided injury, constitutes the negligence on which the action is mainly grounded. In addition thereto, the declaration charges negligence and unskillfulness of the ship's surgeon in his treatment of the fracture, but inasmuch as binding instructions were given in favor of the defendant, we are relieved from the further consideration of that branch of the case.

As to the main ground of complaint, the declaration containing the necessary preliminary averments charges that it was the duty of the steamship company " to use due and proper care and skill in and about carrying and conveying plaintiff, and to furnish a good, staunch and sufficient ship for that purpose, with proper and sufficient appliances and hand-rails to insure the safety and security of plaintiff ; yet, defendants not regarding their duty in that behalf, did not furnish a good, staunch and sufficient ship, with proper and sufficient appliances, hand-rails," etc. The general goodness and seaworthiness of the vessel were not questioned. The only defect complained of is the want of the guard or hand-rail along the paneling above mentioned. The plaintiff's evidence was: 1st. Her own testimony, in which she fully explains how the injury occurred, and says she could have prevented herself from falling if there had been a hand-rail at the point mentioned, and other testimony tending to explain the circumstances of the injury. 2nd. Declarations of Captain Harris, master in command of the ship, that the place where plaintiff fell was dangerous; that there should have been a hand-rail there ; that it would have prevented the accident, and that he intended to have one put up. 3rd. Testimony tending to prove that passenger vessels are generally provided with hand-rails along the sides of their cabins.

The defendant mainly relied on the failure of plaintiff to make out a case of negligence ; also, on the negligence of plaintiff herself contributing to the injury, and on testimony tending to show that every reasonable precaution had been taken to ensure the safety of passengers.

Aside from the declarations of Captain Harris the admission of which is specially complained of, the testimony presented questions of fact for the jury ; and these questions appear to have been submitted under instructions that are free from sub-

[American Steamship Co. of Philadelphia *v.* Landreth.]

stantial error.   When considered in connection with other por-
tions of the charge there is no error in the clause complained
of in the third specification.   The case was clearly for the jury
on the question of negligence and contributory negligence.   The
third, fourth and fifth assignments of error are not sustained.

On the main question, the declarations of Capt. Harris
would doubtless have great weight with the jury, and for aught
we know, may have had a controlling influence in determining
their verdict.   The contention of plaintiff in error is that the
declarations in question were no part of the res gestæ ; that
they were not within the scope of the captain's employment,
so as to bind his principals, and moreover they were mere ex-
pressions of opinion.   If this be so, they were improperly ad-
mitted, and for that reason alone the judgment must be reversed.
There is no force in the position that in point of time the dec-
larations were too remote from the accident ; but a fatal objec-
tion is that they do not relate to anything that occurred at the
time of the accident and in connection therewith, but to an al-
leged defect in the original construction of the vesel.   Decla-
rations of an agent are doubtless admissible in some cases against
his principal, but only so far as he had authority, express or im-
plied, to make them ; and such authority is not necessarily to
be inferred from power given to do certain acts.·   In the case
before us, the captain was employed to navigate the vessel, not
to make admissions as to the negligence of his employers or
their servants in the construction of the ship.   Authority to
make such admissions was neither necessary to his employment,
nor in any manner incidental thereto.   The declarations given
in evidence had no connection with the navigation of the vessel,
and hence they were not made by one acting within the scope
of his employment.   In Packet Co. *v.* Clouch, 20 Wall. 528,
it is said, " A captain of a passenger steamer is empowered to
receive passengers on board, but it is not necessary to this power
that he be authorized to admit that either his principal or any
servant of his principal has been guilty of negligence in receiv-
ing them.   There is no necessary connection between the ad-
mission and the act."   Much less is there any necessary con-
nection between the accident which befell plaintiff below and
the admission of Captain Harris that the vessel he was employed
to navigate had been so negligently and carelessly constructed
as to be dangerous for passengers.   He was not the representa-
tive of the owners of the vessel for the purpose of fastening on
them a charge of negligence, of which they were guilty, if
guilty at all, long before.   The declarations complained of are
neither part of the res gestæ in connection with the injury sus-
tained by the plaintiff below, nor were they made within the
scope of Captain Harris' employment.   Moreover, they were

mere expressions of opinion and therefore not within the rule.

> Judgment reversed and a *venire facias de novo* awarded.