# Trexler *v.* Baltimore & Ohio Railroad Company, Appellant (No. 1).

*Negligence—Railroads—Common carriers—Evidence—Contributory negligence.*

In an action against a railroad company to recover damages for the loss of a stallion killed by the burning of a car on which the animal was being transported, it is sufficient if the plaintiff furnishes circumstantial evidence from which, in the absence of any other satisfactory and credible explanation by the defendant, a jury could reasonably infer that the fire was caused by an act of the latter's employees.

In an action against a railroad company to recover damages for the loss of a horse killed by the burning of a car in which the animal was being carried, the plaintiffs cannot be charged with contributory negligence in placing straw for bedding and hay for feed, in the car, or in leaving open the door for ventilation, where these acts are done with the knowledge and apparent acquiescences of the defendant's agent, and in accordance with the usage of the company.

*Negligence—Evidence—Inference from facts—Province of court and jury—Railroads—Carriers.*

Upon a state of facts, admitted or proved by direct and undisputed testimony, the court may pronounce the law applicable thereto; but, when alleged facts are the subject of inference from other facts and circumstances shown by the evidence, it is the exclusive province of the jury to consider the testimony and ascertain the facts under proper instructions from the court.

In an action against a railroad company to recover damages for the loss of a horse killed by a burning of a car in which it was being carried, plaintiff introduced evidence tending to show that the fire originated from a torch of a passing inspector igniting straw in the car. The defendant claimed that the defendant's agent in charge of the car had been guilty of contributory negligence in scattering the straw all over the car so that it was exposed at the door left partly open for ventilation. It was, however, not beyond the range of possibility, that without negligence on the agent's part, the motion of the car and the movement of the horse in the straw scattered it. *Held,* that the question of contributory negligence was for the jury.

*Negligence—Carriers—Railroads—Fire—Evidence—Res gestæ.*

A mere expression of opinion as to the origin of a fire which destroyed a car, which was the litigated act, entertained by one not shown to have any knowledge or means of knowledge upon the subject, and made at a later time and a different place, although the fire was still burning, cannot be regarded as one of those "undesigned incidents of the litigated act which are admissible when illustrative of such act." The circumstances do not

raise the presumption that it was a spontaneous utterance of thought created by or springing out of the transaction itself. It is quite as reasonable to presume that the declarant's opinion was based on what he had been told, or that it was a mere surmise based neither on what he had seen nor on what he had been told.

Argued Oct. 25, 1904. Appeal, No. 79, Oct. T., 1904, by defendant, from judgment of C. P. Bedford Co., April T., 1902, No. 234, on verdict for plaintiff in case of J. F. Trexler, and John L. Trexler, trading as Trexler Brothers & Co., v. Baltimore & Ohio Railroad Company. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Trespass to recover damages for the death of a horse. Before WOODS, P. J.

The facts are stated in the opinion of the Superior Court.

The court charged in part as follows:

[The learned court erred in its instruction to the jury in that part of the general charge which is embraced in the following language: "You must bear in mind, gentlemen, that while the court has permitted the plaintiff, John E. Hess, to give in evidence the remark he heard as to the inspectors setting fire to the straw, it is only to be considered by you as some evidence to lead you in determining as to whether the defendant company, by these inspectors, acted in a careless manner and set fire to the straw. You must not conclude that because the plaintiff testified that this remark was made, that the fire did occur in this way. You must be satisfied in your own minds from the evidence that the party who made this remark knew and believed that it did occur in this manner.] [3]

Defendant presented these points:

That as the testimony of plaintiffs shows that one of the doors of the car was opened a space of several inches by Reynolds and Hess, their employees, at the time the horse was placed in it for shipment, that they then spread straw all over the floor, thus rendering it liable to be ignited from the outside, the door being, as they testify, secured against being closed, this was such contributory negligence on their part

as must prevent a recovery, even if negligence should be found in the defendant's employees. *Answer :* If the jury believe that John E. Hess, the plaintiff in the one case, and agent for plaintiff in the other case, who was in charge of the horse, acted in a careless manner and permitted the hay and straw to be scattered all over the car, and thereby made it more liable to be set on fire, he would be guilty of contributory negligence and he could not recover. [4]

That under all the evidence the verdict must be for the defendant. *Answer :* The jury must consider all the evidence and render their verdict from that and that alone. [5]

Verdict and judgment for plaintiff for $443.60. Defendant appealed.

*Errors assigned* were (1, 2) rulings on evidence, without setting forth the evidence admitted; (3) refusing motion to exclude evidence admitted under the first and second assignments; (4–6) above instructions, quoting them.

*J. H. Longenecker* and *Wm. H. Koontz*, with them *S. R. Longenecker*, for appellant.—The declarations of a bystander referred to in the third assignment of error were not admissible as res gestæ: Luby v. R. R. Co., 17 N. Y. 131; Lane v. Bryant, 75 Mass. 245; Adams v. R. R. Co., 74 Mo. 553; Whitaker v. R. R. Co., 51 N. Y. 395; Tilson v. Terwilliger, 56 N. Y. 273; Ogden v. Penna. R. R. Co., 1 Mona. 249; Tyson v. Union Traction Co., 199 Pa. 264; Briggs v. R. R. Co., 206 Pa. 564; Vicksburg, etc., R. R. Co. v. O'Brien, 119 U. S. 99 (7 Sup. Ct. Repr. 118); Waldele v. R. R. Co., 95 N. Y. 274; Keefer v. Ins. Co., 201 Pa. 448; Hawker v. B. & O. R. R. Co., 15 W. Va 628; Durke v. Central Pac. R. R. Co., 69 Cal. 533 (11 Pac. Repr. 130).

It can scarcely be said there was a scintilla of evidence to show that the fire was communicated by the inspectors. But the scintilla doctrine no longer survives. The rule now prevailing is that a case may not be left to the jury unless there is evidence which will warrant a verdict in favor of the party producing it: P. & R. R. R. Co. v. Yerger, 73 Pa. 121; Leidy v. Cold Storage Co., 170 Pa. 323; Harrison v. Van Gunten, 15 Pa. Superior Ct. 491.

*John H. Jordan,* with him *H. H. Waite,* for appellees.—If declarations are made under such circumstances as will raise the reasonable presumption that they are the spontaneous utterances of those created by or springing out of the transaction itself, and so soon thereafter as to exclude the presumption of premeditation and design, they will be admitted as part of the res gestæ : Com. v. Werntz, 161 Pa. 591 ; Keefer v. Ins. Co., 201 Pa. 448 ; Shafer v. Lacock, 168 Pa. 497 ; Coll v. Easton Transit Co., 180 Pa. 618 ; Elkins, Bly. Co. v. McKean, 79 Pa. 493.

The case was for the jury : Powell v. R. R. Co., 32 Pa. 414 ; Baker v. North East Borough, 151 Pa. 234 ; Vallo v. U. S. Express Co., 147 Pa. 404.

OPINION BY RICE, P. J., July 13, 1905 :

The plaintiffs by their agent H. P. Reynolds shipped a stallion from Marklesburg on the Huntingdon & Broad Top Railroad in Pennsylvania to Pennsboro on the Baltimore & Ohio Railroad in West Virginia, to which latter company the box car in which the stallion was shipped was delivered at Hyndman, Pennsylvania. Between ten and eleven o'clock P. M. on the second day, the train arrived in Grafton, West Virginia, and a short time after its arrival, while standing in the yard, the car was found to be on fire. In spite of such efforts as were made to extinguish it the horse was so badly burned that it became necessary to kill it, which was done by the defendant's order on the following day. This action of trespass was brought to recover its value and resulted in a verdict and judgment in favor of the plaintiffs. John E. Hess, the plaintiffs' employee, who was in the car in charge of the stallion, also brought suit for the injuries received by him. Both cases were tried together and we have growing out of them three appeals, an appeal by the defendant in the present case, also an appeal by the defendant from the judgment in favor of the plaintiff in the Hess case and an appeal by the plaintiffs from the same judgment which we are now considering.

One of the principal disputed questions of fact raised at the trial was as to the origin of the fire. The defendant's counsel contend that their request for binding instructions should have been granted because there was no competent and sufficient

evidence that the fire was caused by any act or omission of the defendant or its employees, negligent or otherwise, and therefore under the terms of the special contract of shipment exempting the company from liability except for gross negligence plaintiffs were not entitled to recover.  Obviously the question above suggested must be considered and disposed of upon the plaintiffs' testimony and such admitted and undisputed facts as appear in the case.  But before alluding to the plaintiffs' evidence upon this question it will be well to notice that the defendant alleged and introduced evidence tending to show that the fire was ignited through the negligence of John E. Hess, the plaintiffs' employee, either by smoking or so handling his lantern as to communicate fire to the straw in the car. This was the only explanation of the loss offered by the defendant.  The learned trial judge instructed the jury that if they found the facts to be as alleged by the defendant the plaintiffs could not recover.  The verdict for the plaintiffs implies a finding that the fire did not originate in that way, a finding which we must accept as conclusive.  We turn then to the plaintiffs' evidence upon the subject.  Hess testified that for purpose of ventilation one of the doors of the car was pushed back a few inches and a cleat fastened at the bottom so as to prevent it from closing, that he fell asleep between nine and ten o'clock and upon being wakened by the car inspectors tapping on the car wheels he saw a light outside the door, also that the straw on the floor of the car near the door was on fire; that he arose immediately and pushed open the door and saw a man or men going toward the end of the train carrying a light; that he tried to kick out the fire and also called for help; that none came until an engine was attached to the car to haul it to the penstock which was distant several hundred yards; that about that time a man opened the other door and got into the car but when the car started this man jumped out; that the effect of opening the other door and moving the car at a rapid speed was to fan up the flames and make the fire worse; and that when the penstock was reached he got out and the horse followed him.  It was an admitted and undisputed fact that the defendant's employees inspected the car after it reached Grafton and that they carried open torches, but the defendant's witnesses did not agree with the

plaintiffs' witness as to the time when this was done. But if as the latter testified, it was immediately before he discovered the fire at the open door of the car it was an entirely reasonable inference of fact which a jury could draw from this and other circumstances testified to by the witness that the fire was caused by the inspector's torch coming in contact with the hay or straw near the open door of the car. The probability that it originated from that cause and no other was strengthened by the jury's finding that it did not originate inside the car in either of the modes in which the defendant attempted to explain the occurrence. It is true, the fact that the fire originated in the way claimed by the plaintiffs was not established by direct or positive testimony. But the law did not require the plaintiffs to furnish that kind of proof in order to make out a prima facie case, nor was that high quality-of circumstantial evidence required which would preclude the possibility of any other inference being drawn from the circumstances proved. In any view that may be taken of the law as to the burden of proof in case of a shipment under such a special contract as existed here, it was sufficient if they furnished circumstantial evidence from which, in the absence of any other satisfactory and credible explanation by the defendant, a jury could reasonably infer that the fire was caused by an act of the latter's employees. We are of opinion that the evidence comes up to this standard and therefore the court was right in submitting the question of fact to the jury.

The defendant's second point, fourth assignment, in which binding instructions were asked upon the ground of contributory negligence of the plaintiffs' employees, was based on the assumption that the plaintiffs' evidence showed that these employees, at the time the horse was placed in the car for shipment, " spread straw all over the floor." We do not so read the testimony. When the witness Hess testified, " The straw was scattered all over the car, it (the fire) just whipped around the whole car," he was speaking of the condition of affairs after the fire had broken out and the car was being hauled to the penstock. He was not attempting to describe the conditions at the time the horse was shipped on the preceding day. True the evidence shows that straw was placed in the car for bedding, but it shows also that this was done with the knowledge

and apparent acquiescence of the defendant's agent and was in accordance with the usage of the company. It was also shown that the agent saw the door being fastened open in the manner above described and made no objections. Surely, it cannot be said in view of this uncontradicted testimony that the plaintiffs were guilty of contributory negligence in having straw for bedding and hay for feed in the car, or in leaving open the door for ventilation. See Powell v. Pennsylvania R. R. Co., 32 Pa. 414; Trace v. Penna. R. R. Co., 26 Pa. Superior Ct. 466. But it is argued that the plaintiffs' whole case is founded on the assertion that the straw at the partially open door was ignited by the torch of a passing inspector, which could not have happened unless it was negligently put or permitted to be at that place by Hess, who was in charge of the car. We do not underestimate the force of this argument. But we are not convinced that it was within the province of the court to declare that the negligence of Hess was the necessary and only inference to be drawn from the fact that the fire originated at the door of the car. It was not beyond the range of possibility that without negligence on his part the motion of the car and the movement of the horse in the straw scattered it. It was for the jury to determine the facts and the inferences to be drawn from them. Upon a state of facts, admitted or proved by direct and undisputed testimony, the court may pronounce the law applicable thereto ; but, when alleged facts are the subject of inference from other facts and circumstances shown by the evidence, it is the exclusive province of the jury to consider the testimony and ascertain the facts under proper instructions from the court : Longenecker v. Penna. R. R. Co., 105 Pa. 328 ; Clarke Co., Ltd., v. Baltimore & Ohio R. R. Co., 27 Pa. Superior Ct. 251. We are of opinion that the learned trial judge answered defendant's second point with substantial correctness when he told the jury that if they believed that Hess " acted in a careless manner and permitted the hay and straw to be scattered all over the car and thereby made it more liable to be set on fire," he was guilty of contributory negligence and the plaintiff could not recover.

The first and second assignments of error are not in accordance with our rules, but the question attempted to be raised by them is fairly raised by the third assignment and the appellant

is entitled to a decision of it.   Under objection and exception
Hess was permitted to testify as part of the res gestæ that
after the car had been hauled to the penstock, only a few
minutes after he had got out, and while they were putting out
the fire, he heard a bystander say "it was the car inspector
that set the car afire."   The admission of this testimony is the
subject of the first assignment.   Upon cross-examination he
testified as follows :

"Q. Where was this man standing that you heard make the
remark that it had been set afire by the torch?   A. There was
quite a crowd, round there.   Q. You cannot tell who it was?
A. No, sir.   Q. And you do not know whether it was a train
man or not?   A. No, sir.   Q. He may have been a bystander
who came into the crowd?   A. I don't know who he was.
Q. And you cannot say it was one of the trainmen?   A. No,
sir.   Q. Nor can you say that the person you heard make this
remark was connected with the Baltimore & Ohio Railroad in
any shape or form, can you?   A. No, sir, I cannot.   Q. You
did not see him afterwards, did you?   A. No, sir, not as I
know of.   Q. Suppose you repeat the remark that the man
made, just as he made it?   A. He said he thought it was done
by the car inspectors.   Q. He didn't say it was done by them?
A. No, sir.   Q. He said he thought it was done?   A. Yes,
sir.   Q. He didn't say he had seen it?   A. He didn't say.
Q. That is all he said?   A. That is all I heard him say.   Q. He
thought it was done; you can't tell who it was or anything
about it?   A. No, sir, I cannot.   Q. Was he a white man or
a black man?   A. I don't know that; I didn't see him at all.
Q. Did you hear it when you were inside the car or outside?
A. Outside."

After he had given this testimony the defendant moved the
court to strike out his former testimony.   The refusal so to do
is the subject of the second assignment.   The third assignment
relates to that part of the general charge in which the testi-
mony was submitted to the jury for their consideration.   It
will be noticed, first, that the remark testified to was not made
at the time and place, when and where the fire originated, nor
by anyone who was shown to have been then and there present;
second, that the person who made it was not shown to have any
connection whatever with the company, or to have any means

of knowledge upon the subject which any bystander coming upon the scene after the car was hauled to the penstock did not have ; third, that his declaration was not of any matter of fact but only of an opinion or belief the foundation of which was not stated by the declarant nor otherwise shown. These facts plainly distinguish the case from Coll v. Easton Transit Co., 180 Pa. 618, which the learned judge deemed an authority for the admission of the evidence, and take it out of the principle upon which that case was decided. It has been held that the rule with regard to declarations as part of the res gestæ is that if they " are made under such circumstances as will raise a reasonable presumption that they are the spontaneous utterances of thought created by or springing out of the transaction itself, and so soon thereafter as to exclude the presumption that they are the result of premeditation and design, they will be admissible as part of the res gestæ :" Commonwealth v. Werntz, 161 Pa. 591. The fact that the unknown person who made the declaration was not one of the employees of the company would not of itself be conclusive against its admission : Coll v. Easton Transit Co., 180 Pa. 618. Perhaps, also, the lapse of time would not of itself be conclusive. But we are clear in our conviction, after a full examination of all the authorities cited upon this difficult subject, that a mere expression of opinion as to the origin of the fire, which was the litigated act, entertained by one not shown to have any knowledge or means of knowledge upon the subject, and made at a later time and a different place, although the fire was still burning, cannot be regarded as one of those " undesigned incidents of the litigated act which are admissible when illustrative of such act." The circumstances do not raise the presumption that it was a spontaneous utterance of thought created by or springing out of the transaction itself. It is quite as reasonable to presume that the declarant's opinion was based on what he had been told, or that it was a mere surmise based neither on what he had seen nor on what he had been told. We conclude that there was substantial error in submitting to the jury the vague statement of this unknown person as any evidence whatever upon the question whether the defendant by its inspector acted in a careless manner and set fire to the car.

Judgment reversed and venire facias de novo awarded.