## McGrath *v.* Pennsylvania Sugar Co., Appellant.

*Workmen's compensation—Employee of independent contractor —Business of stevedoring.*

1. To impose responsibility under the Workmen's Compensation Act, it is necessary to show that the person injured was engaged in the "employer's regular business."

2. If so employed, then compensation may be awarded, though the employee is hired by one who lent his service to another, in the course of whose work the accident occurred.

3. But if the workman is employed by an independent contractor, the principal contractor is not liable for compensation under the act, although under certain circumstances he may be liable in an action at law for negligence.

4. A stevedoring company which has entire charge of loading or unloading a ship under a contract with the owner or bailee of the cargo, is an independent contractor and the workmen engaged in such work are his employees.

5. In such case, if it appears that the principal contractor was a sugar refining company and that the cargo, consisting of sugar, had been consigned to it under a contract of bailment to refine and hold for the bailor, the contract is immaterial, if it appears that the stevedoring service could not have been furnished under it.

*Negligence — Master and servant — Independent contractor — Servant of independent contractor—Interference by principal contractor.*

6. A principal contractor may be held liable for an injury to an employee of an independent contractor, where the injury is caused by the interference of himself or his agents with the manner of carrying out the work by the employee of the independent contractor, when it amounts to an assumption of control and direction of his labor.

*Negligence—Master and servant—Declarations—Foreman—Res gestæ—Evidence.*

7. In an accident case the declarations of a foreman, if sufficiently close in time and spontaneous in character, may be ad-

mitted as part of the res gestæ, but if it was merely the expression of opinion that a subforeman gave an improper direction to the employee of an independent contractor, it is inadmissible.

8. Such declarations cannot be used to show that the subforeman was authorized to act for the defendant in controlling the movements of the employee of the independent contractor.

Argued December 3, 1924.   Appeal, No. 140, Jan. T., 1925, by defendant, from judgment of C. P. No. 2, Phila. Co., March T., 1922, No. 751, on verdict for plaintiff, in case of Frank W. McGrath v. Pennsylvania Sugar Company.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Reversed.

Trespass for personal injuries.   Before BARNETT, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

The court charged in part as follows:

["There is some other evidence in the case which may throw light on this question of agency and authority. Haggerty concededly was Davey's superior.   Haggerty is said to have come upon the scene within a minute,, or two minutes one witness says, after the accident, to have inquired who told the men at work at the top of the stack to work at the bottom of the stack instead of the top, and when told that Davey had so told them, said that Davey ought to have known better and that the men should go back to the top of the stack.   There was an apparent admission by another employee of the company that Davey had authority to order these men, or at least that he might so consider such action upon Haggerty's part with respect to the question as to whether or not Davey had the authority."]   (11)

Verdict for plaintiff for $19,808, on which judgment was entered for $14,000.   Defendant appealed.

*Errors assigned* were various rulings and instructions, and (11) portion of charge as above, quoting record.

*Richard A. Smith,* for appellant.—Plaintiff's right of recovery is governed exclusively by the Workmen's Compensation Act: Callihan v. Montgomery, 272 Pa. 56; Blake v. Wilson, 268 Pa. 469; Hauger v. Walker, 277 Pa. 506; Qualp v. Stewart, 266 Pa. 502; Kirk v. Showell, 276 Pa. 587; Tarr v. Coal & Coke Co., 265 Pa. 519.

The case is ruled by Qualp v. Stewart Co., 266 Pa. 502.

In order to recover in this case, plaintiff must not only establish the negligent piling of the sugar which caused it to fall, but also that he was performing his work at a place where it was dangerous and in a dangerous manner under direction of defendant: Towanda Coal Co. v. Heeman, 86 Pa. 418; Urban v. Focht, 231 Pa. 623; Rugart v. Baking Co., 277 Pa. 408.

*James F. Masterson,* for appellee.—The Workmen's Compensation Act has no relevancy to this case, since plaintiff was an employee of S. C. Loveland & Co., Inc., and not of defendant.

Stevedoring was not a part of defendant's regular business and therefore plaintiff could not be construed to be an employee of defendant under section 203 of the Workmen's Compensation Act.

Since defendant never did any of its own stevedoring work it certainly was not a part of its regular or usual business: Hogan v. Fruit Co., 266 Pa. 266; Strunk v. Keller, 75 Pa. Superior Ct. 462; Simonton v. Morton, 275 Pa. 562.

In the case at bar, it is apparent that either or both of the acts of negligence complained of could have caused the injury, and either or both of them might and ought to have been foreseen by the wrongdoer as likely to cause the result complained of.

Defendant was bound by the negligent direction given by its assistant foreman Davey to plaintiff: McClung v. Dearborne, 134 Pa. 396; Pender v. Raggs, 178 Pa. 337; Newingham v. Blair, 232 Pa. 511; Guinney v. Hand, 153

Pa. 404; Dunne v. R. R., 249 Pa. 76; Stidfole v. Ry., 261 Pa. 445; Petrowski v. Ry., 263 Pa. 531.

OPINION BY MR. JUSTICE SADLER, January 5, 1925:

The Pennsylvania Sugar Company, defendant, is en-gaged in the business of refining sugar for others who forward the raw product to it. A pier is used in con-nection with the plant where the finished and unfinished material is handled, under the general supervision of defendant's employees. Stevedores are obtained under contract with firms which make a business of supplying this character of labor, and the actual movements of material to and from the dock are carried on by them. On the day of the accident, which gave rise to the present litigation, Loveland & Co. furnished, under agreement, men for this work, being paid the amount of the wages earned by their employees, plus ten per cent. One of the men sent upon the wharf by Kennedy, the acting foreman for Loveland & Co., was the plaintiff, Mc-Grath. He was told to work upon the top of a large stack of bags filled with sugar, his duty being to put them in a swing which carried them forward, ultimately being loaded by others on a ship anchored in the river. While so engaged, plaintiff contended he was directed by Davey, an assistant foreman of the defendant, to change his position, and continue his labor on the floor, handling the sugar from the side of the stack. Soon after be-ginning work there, the bags became loosened and fell, causing him serious injury. An action to recover dam-ages was brought, and a verdict for the plaintiff, re-duced by the court to $14,000, was rendered. From the judgment entered thereon defendant has appealed.

It was insisted below, and the same claim is made here, that the plaintiff must be compensated for his loss, if at all, through the medium of the Workmen's Compensa-tion Act. Section 203, article 11, and 302 (b), article 111, fix the liability of the employer who permits the laborer, or an assistant hired by the employee, or con-

tractor, to enter upon his premises.  To impose responsibility on the sugar company, it would have been necessary for the claimant to show that he was engaged in the "employer's regular business": Haugher v. Walker Co., 277 Pa. 506; Callihan v. Montgomery, 272 Pa. 56, 72; McCall v. Bell Telephone Co., 79 Pa. Superior Ct. 505.  If so employed, then compensation may be awarded, though the employee is hired by one who lent his service to another, in the course of whose work the accident occurred: Tarr v. Hecla Coal & Coke Co., 265 Pa. 519.  Defendant, a refiner of sugar, controlled the wharf where the raw product was received, and from which the manufactured material was removed, but had no part, at any time, in the actual handling of it on the pier, or loading and unloading in the river.  This service was always performed by the employees of a stevedoring firm, in this case Loveland & Company.  The facts disclosed would not justify a finding that the labor performed was within the line of the "regular business" of the defendant, and hence did not come within the sections of the act above referred to.  Nor is the situation altered by article I, section 105, which qualifies the previous provision in directing that the term "contractor," as there used, shall not include one engaged in "an independent business, other than that of supplying laborers and assistants, in which he serves persons other than the employer in whose service the accident occurs."

In discussing this section, as affecting those which precede, it was said in Qualp v. Stewart Co., 266 Pa. 502, 507: "This relation of employer to those employed about the premises includes only those whose work is a part of that embraced within the terms of the employer's contract with the owner.  The work of a contractor, on the same premises, in furtherance of the owner's general plan, on the same structure or enterprise, performing another and different contract with the owner, is, as to the person under consideration, the work of an independent contractor under the law, and his employees or

those under him must look to him for compensation. Each is separate and distinct, operating within his own sphere, though engaged on the same general work." Loveland & Company was engaged in the business of stevedoring not only for defendant but also for others. This occupation is recognized as an independent one: 36 Cyc. 1276; Rankin v. Merchants & Miners Trans. Co., 73 Ga. 229. Such employments are necessary to the general transportation of a cargo: The Senator, 21 Fed. 191. "Formerly, the work was done by the ship's crew, but, owing to the exigencies of increasing commerce, and the demand for rapidity and special skill, it has become a specialized service" (Atlantic Transport Co. v. Imbrovek, 234 U. S. 52, 58 L. ed. 1208), the employees coming within the scope of state compensation laws, dependent upon whether engaged, at the time of injury, about the pier or wharf (State Industrial Commission v. Nordenholt Corp., 259 U. S. 263, 66 L. ed. 933), or around the ship or vessel: State v. Dawson & Co., 264 U. S. 219, 68 L. ed. 339. The stevedoring company, having entire charge of the work to be performed, was an independent contractor (26 Cyc. 1548), and came within the definition of such, as set forth in our decisions (Simonton v. Morton, 275 Pa. 562; Swartz v. Hanover Borough, 278 Pa. 134), and the plaintiff was its employee.

An effort was made to alter the situation thus presented by producing a contract between the defendant and Atkins & Company, wherein the former agreed to refine the sugar of the latter, and thus fix the sugar company as the contractor, and the stevedoring company as a subcontractor, it being argued that, therefore, the Compensation Act would apply, under article I, section 105, as interpreted in Qualp v. Stewart Co., supra. There is no need to discuss the question of the admissibility of this agreement under the pleadings, as has been done by counsel in their briefs. It was offered, but we are not convinced that, even if properly received, it had

the effect insisted upon by defendant. The contract merely provided for the delivery of raw product to the sugar company, which latter was to manufacture, refine and hold, subject to the call of the purchaser. No obligation to assist in transportation to or from the vessel of Atkins & Co. was imposed. The actual stevedoring service cannot be said to have been furnished as the result of a subcontract. The first five assignments relate to the refusal of the learned court below to give binding instructions to the effect that McGrath's claim against the sugar company, if any, was under the Workmen's Compensation Act, or complain of the failure to submit this question to the jury. The relation of the parties, and the legal effect thereof, was, under the circumstances appearing, a matter for the court: Eckert v. Merchants Shipbuilding Corp., 280 Pa. 340. From what has been said, it follows that they must all be overruled.

The claim of the plaintiff was based on negligence in piling the sugar without proper binders, as a result of which the stack of bags fell, and also in ordering McGrath to move from a safe to a dangerous place, where he was injured. The court instructed the jury if it found there was proof of lack of due care in either respect, causing the accident, no contributory negligence appearing, a recovery could be had. In this we see no error. It is insisted that the direction given by Davey to the employees to work from the floor instead of the top, where they had been stationed by Loveland's foreman, cannot impose responsibility on the defendant, since McGrath was under the control of his independent employer. It is well settled that the original contractor is liable for injury to an employee of the latter, where caused by the failure to keep the premises, when the work is to be performed, in proper condition (Newingham v. J. C. Blair Co., 232 Pa. 511; Craig v. Riter Conley Mfg. Co., 272 Pa. 219), or where caused by the neglect of orders given for the protection of the workmen sent there by another: Reed v. P., C., C. & St. L. Ry. Co., 243

Pa. 562. This is also true where the harm is caused by the interference of the defendant, or his agents, with the manner of carrying out the work by the employees of the independent contractor, when it amounts to an assumption of control and direction of their labor: Pender v. Raggs, 178 Pa. 337. If then the plaintiff was placed in the position of danger, resulting in injury, by the defendant company, or one acting for it, recovery may be had for the loss ensuing. He had been put on top of the pile by the foreman of the independent contractor, and was ordered therefrom by Davey, who was an assistant upon the pier, apparently in charge of operations there. The direction given to McGrath was in furtherance of the business of the sugar company, as it was desired to store new bags of raw sugar above. Davey's act was consistent with a general supervision of the work on the dock, a duty which, some testimony showed, was performed by him. There was evidence from which the jury could find, in the absence of any to the contrary, that he had implied power to exercise such control as attempted, and in so doing acted within the scope of his authority: Guinney v. Hand, 153 Pa. 404; Dunne v. P. R. R. Co., 249 Pa. 76; Bickley v. P. & R. Ry. Co., 257 Pa. 369; Petrowski v. P. & R. Ry. Co., 263 Pa. 531. Before reaching this conclusion, however, it was erroneously told to take into account certain testimony, hereafter noted, which makes necessary a reversal, for we cannot say it may not have influenced the verdict reached.

The portion of the charge complained of refers to the declaration of the foreman, and the effect which might be given to it. In confirmation of the contention that the employee had authority, the jury was permitted to consider a statement made after the accident by Haggerty,— a dock boss over Davey, but himself subject to a superintendent,—as an apparent admission of the latter's power to control the operations. The former was not present when the sugar fell on the plaintiff, but came about two minutes later, from his office, some seventy or eighty feet

distant. McGrath had, in the meantime, been placed upon a bench, and sufficient time had elapsed for a bystander to go some distance to secure water and return. Upon being told that Davey had directed the men to come from the top of the stack, it is claimed he replied, with an oath: "He ought to have had better sense than to put a gang of men to work on the floor with a pile as high as that, to take down sugar." The learned court inadvertently added, that he stated, "the men should go back to the top of the stack," which might be some indication that the employees of the sugar company were exercising control over those of the independent contractor, the question in dispute, and for this reason objectionable. The jury was allowed to consider the declaration of Haggerty as showing Davey was acting within his authority, on behalf of the defendant, when he gave orders directing the employees of Loveland & Co. The statement was not submitted as indicating negligence in giving improper orders, and could not have been considered for this purpose, as will be hereafter noticed, but only as showing the dominion of the assistant foreman. We are of the opinion that no such interpretation can be fairly drawn from the words used.

Admissions of agents or employees, while acting within the scope of their authority, may, under certain circumstances, be received as evidence against the superior: York Mfg. Co. v. Chelten Ice Mfg. Co., 278 Pa. 351; Baker v. Gas Co., 157 Pa. 593. And, in proper cases, one agent may testify concerning the powers of another agent, as affecting the liability of their joint principal (Fee v. Adams Express Co., 38 Pa. Superior Ct. 83), if acting within the line of his employment: 22 C. J. 377; 2 C. J. 942. It will be noticed here, that Haggerty was in charge of the dock, under a superintendent, and Davey was the assistant of the former. It may well be doubted whether any relation between declarant and the sugar company was established which would make binding his statements as to the powers of other employees, if at-

tempted (22 C. J. 384), but the determination in this case need not be based on this ground.

"In order to warrant the proof of admissions by an agent, one or more of the following facts must exist: It must appear that the agent was specially authorized to make them; or his powers must have been such as to constitute him the general representative of the principal, having the management of the entire business; or the admissions must have formed part of the consideration of a contract; or, if they are noncontractual, they must have been part of the res gestæ": Oil City Fuel Supply Co. v. Boundy, 122 Pa. 449, 460. Applying these rules, it is apparent that Haggerty's declaration must come within the last class, if to be considered at all as affecting the liability of the defendant, and then only if the language may fairly import the meaning which the jury was permitted to infer from its use. This phrase has been frequently defined in our cases, and need not be enlarged on here: Coll v. Easton Transit Co., 180 Pa. 618, 626; First National Bank of Mildred v. Home Ins. Co., 274 Pa. 129. Numerous decisions are to be found where declarations of employees or agents have been admitted, it appearing that they were part of the res gestæ: Thomas v. R. R., 275 Pa. 579; Moyer v. P. M. & B. Co., 275 Pa. 363; Hanover R. R. Co. v. Coyle, 55 Pa. 396; Coll v. Easton Transit Co., supra; Baker v. Gas Co., supra. It must appear that the statement was spontaneous and reasonably contemporaneous, though the fact that a short interval of time after the accident has elapsed does not necessarily render the declaration inadmissible: Eby v. Travelers Ins. Co., 258 Pa. 525; Smith v. Stoner, 243 Pa. 57; Backstrom v. Kaufmann, 266 Pa. 489; Guyer v. Gas Co., 279 Pa. 5. If the transaction however is completed, the declarations subsequently made,—not part of it,—are objectionable (P. R. R. Co. v. Books, 57 Pa. 339; Lombard Pass. Ry. Co. v. Christian, 124 Pa. 114; Riley v. Carnegie Steel Co., 276 Pa. 82), and a mere narrative of past events cannot be received (Mat-

teson v. N. Y. C. & H. R. R. R. Co., 218 Pa. 527; Briggs v. R. & C. Co., 206 Pa. 564), nor expressions of opinion as to the cause or effect of the accident (Hitchman v. Kerbaugh, 242 Pa. 582; Baker v. Allegheny V. R. R. Co., 95 Pa. 211; Trexler v. B. & O. R. R. Co. (No. 1), 28 Pa. Superior Ct. 198), though made immediately after the infliction of the injury: McIlhenny v. Baker, 63 Pa. Superior Ct. 385; American S. S. Co. v. Landreth, 102 Pa. 131; Shaffer v. Haish, 110 Pa. 575.

Assuming, but not deciding, since it is unnecessary, that the statement of Haggerty, a short time after he came upon the scene,—the injured man having been removed from under the pile of sugar,—was sufficiently close in time and spontaneous in character, it was at most an expression of an opinion that Davey was negligent in directing the employees to work from the bottom rather than the top of the pile, and, as such, was incompetent under the decisions cited. The learned court permitted its consideration to show that Davey was authorized to act for the defendant in controlling the movements of Loveland & Company's employees. The fact that the witness believed the accident was the result of a negligent order, given by an assistant foreman of the defendant, at work on the dock, did not indicate the latter was acting within the scope of his authority in giving such a direction, but rather that the person who gave it,—whoever he might be, or whatever his position,—was lacking in good judgment. It will be noticed that Haggerty himself was a witness, and questioned as to the duties of Davey, though not asked as to the declaration alleged to have been made when he came upon the ground. From what has been said, it follows that the eleventh assignment of error must be sustained.

The judgment is reversed and a venire facias de novo is awarded.