## Allen v. Babcock & Wilcox Tube Company, Appellant.

Argued March 26, 1947. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*D. H. McConnell,* with him *Harry B. Richardson,* for appellant.

*Frank E. Reed,* with him *Lee E. Whitmire, Jr.,* and *Swaney & Lucas,* for appellee.

OPINION BY MR. JUSTICE LINN, April 14, 1947:

Defendant appeals from judgment on a verdict for plaintiff in his suit to recover for personal injury. The verdict establishes that the injury resulted from defendant's negligence. The defendant contends that the learned court erred in not instructing the jury to find for the defendant and that this court should now reverse and enter judgment in defendant's favor. As the suffificiency of the evidence to support the verdict is not challenged, we come at once to the legal contention.

Defendant is engaged in manufacturing steel and steel products. John H. Brooks and Sons, a partnership, is engaged, inter alia, in the excavation of land. Defendant awarded to Brooks a contract "to furnish all necessary labor, material and equipment required to excavate for cooling pits at our Steel Mill, all in accordance with verbal instructions given you by our representative." The dimensions of the pit were: depth 7 feet, width 10 feet and length 100 feet. In excavating, Brooks used a truck crane with a boom; the site of the pit was in an area over part of which defendant worked a traveling crane. After the excavation had been in process about half a day, defendant's overhead crane negligently came in contact with the boom operated by Brooks, the contractor, and seriously injured plaintiff, who was employed by Brooks in the excavation.

Defendant contends that it is liable for workmen's compensation as though plaintiff were one of its em-

ployes, and is therefore not liable in a common law action for negligence; that while plaintiff's immediate employer, Brooks, is liable for workmen's compensation, the defendant is also liable, as a statutory employer under sections 203 (77 PS 52) and 302 (b) (77 PS 462) of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended.

Section 203 (77 PS 52) provides that "An employer who permits the entry upon premises occupied by him or under his control of a laborer or an assistant hired by an employe or contractor, for the performance upon such premises of a part of the employer's regular business entrusted to such employe or contractor, shall be liable to such laborer or assistant in the same manner and to the same extent as to his own employe."

Section 302 (b) (77 PS 462) provides that ". . . . an employer who permits the entry, upon premises occupied by him or under his control, of a laborer or an assistant hired by an employe or contractor, for the performance upon such premises of a part of the employer's regular business entrusted to that employe or contractor, shall be conclusively presumed to have agreed to pay to such laborer or assistant compensation in accordance with the provisions of article three, unless the employer shall post in a conspicuous place," etc.

Section 105 (77 PS 25) provides that "The term 'contractor' as used in article two, section two hundred and three, and article three, section three hundred and two (b), shall not include a contractor engaged in an independent business, other than that of supplying laborers or assistants, in which he serves persons other than the employer in whose service the accident occurs, but shall include a sub-contractor to whom a principal contractor has sub-let any part of the work which such principal contractor has undertaken."

The excavation necessary to create the cooling pit was not "part of the [defendant's] regular business" as those words are used in the statute. Defendant's regular

business was the manufacture of steel and steel products. Brooks was an independent contractor employed to do part of the work required in the construction for defendant of a plant facility to be used in defendant's manufacturing business; section 105 excluded such a contractor from the meaning of the term contractor as used in sections 203 and 302. See *McDonald v. Levinson Steel Co.*, 302 Pa. 287, 153 A. 424; *McGrath v. Pa. Sugar Co.*, 282 Pa. 265, 127 A. 780; *Simonton v. Morton*, 275 Pa. 562, 119 A. 732; *Qualp v. Stewart Co.*, 266 Pa. 502, 109 A. 780; *Reiter v. Garman*, 107 Pa. Superior Ct. 269, 163 A. 74; *Davis v. Phila.*, 153 Pa. Superior Ct. 645, 35 A. 2d 77.

Judgment affirmed.